## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

MABEL W. DRINKARD v. DRINKARD-PAYNE BUICK
CORPORATION, EMPLOYER, ET ALS.

January 18, 1943.

Record No. 2643.

Present, Campbell, C. J., and Hudgins, Gregory, Browning and
Eggleston, JJ.

The opinion states the case.

*Perrow & Rosenberger*, for the appellant.

*W. Worth Martin* and *John L. Abbot*, for the appellees.

HUDGINS, J., delivered the opinion of the court.

On January 23, 1941, William M. Drinkard, an employee
of Drinkard-Payne Buick Corporation of Lynchburg, was
injured in an automobile accident in the county of Fauquier.
At the time of the accident the employee was on duty for
his employer, hence the injuries received were the result of
an "accident arising out of and in the course of the
employment."

On March 8, 1941, the employee instituted an action against the third party whose negligence he alleged was the proximate cause of the accident and resulting injuries. Before trial the employee died from the injuries received. On September 22, 1941, the law action was revived in the name of Mabel Willis Drinkard and is now undetermined and pending.

On July 11, 1941, application was filed with the Industrial Commission for compensation under the Workmen's Compensation Act. The employer and the insurance carrier defended the claim on the ground that the institution of the common law action by the employee against the negligent third party constituted a bar to the recovery of compensation. This defense was sustained and an order was entered dismissing the claim. From that order this appeal was allowed.

It appears from the Commission's "findings of fact" that the dependents of decedent were his widow, Mabel W. Drinkard, and one son, William M. Drinkard, Jr., who was born on November 25, 1924. The record in the case shows affirmatively that the minor son was a party to the proceedings by a finding of fact to this effect by the Commission. The Industrial Commission, since its establishment, has recognized the right of mothers or other natural guardians to prosecute claims on behalf of themselves and other minor dependents. This practice has been affirmed by this court in all cases of a like character which have come before it upon appeal. It is not only recognized as the procedure in Virginia, but in all other jurisdictions charged with the duty of administering Workmen's Compensation Acts. A careful reading of the various provisions of the Act shows the procedure followed by the Commission to be in keeping with its purpose.

The question presented is whether the mere institution of an action by an injured employee against the negligent third party is a bar to a claim for compensation for the same injuries from the employer under the Workmen's Compensation Act.

It is unnecessary to discuss this question, as it was decided adversely to appellees' contention in *Noblin* v. *Randolph Corporation, etc.*, 180 Va. 345, 23 S. E. (2d) 209. For the reasons stated therein, the order of the Commission is reversed and the case remanded.

*Reversed and remanded.*